UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| RICKEY DEAN RICHARDSON, ) ) Plaintiff, ) ) V. ) ) NANCY A. BERRYHILL, ) Acting Commissioner of Social Security, ) ) Defendant. ) | Civil Action No. 6: 18-049-DCR **MEMORANDUM OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Rickey Dean Richardson and Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration. [Record Nos. 10, 12] Richardson contends that the Administrative Law Judge ("ALJ") erred in concluding that he was not disabled within the meaning of the Social Security Act. Specifically, he asserts that the ALJ did not properly evaluate his subjective complaints of pain and that the ALJ's decision is not supported by substantial evidence. The Commissioner denies these claims and argues that the ALJ's decision should be affirmed.

For the reasons that follow, the Commissioner's motion will be granted and Richardson's motion will be denied.

## I.    Procedural History

Richardson filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") on March 17, 2014. [*See* Administrative Transcript, hereinafter "Tr.," 169.] Richardson requested an administrative hearing before an ALJ after

the application was denied initially and on reconsideration. [Tr. 114, 123, 130] He appeared before ALJ Davida Isaacs in Lexington, Kentucky in November 2016. [Tr. 64-82] Following the administrative hearing, ALJ Isaacs denied benefits in a written decision on February 23, 2017. [Tr. 40-57] The Appeals Council affirmed this decision in January 2018. [Tr. 1-4] The matter is now ripe for review under 42 U.S.C. § 405(g).

## II. Background

Richardson was fifty-one-years-old at the time of his application for benefits. [*See* Tr. 169.] He has an eighth-grade education and has worked for approximately 27 years driving a coal truck. [Tr. 69-70] In addition to driving coal trucks, Richardson reported that he helped service them, which required lifting 50-pound cans of oil and 250-pound tires. [Tr. 70] He advised the ALJ that his back had been hurting for six to eight years, and that the pain had gotten worse over time. *Id.* He stated that he had constant pain from his waist to his shoulder blades, as well as numbness in his legs. [Tr. 71]

Richardson stopped working on January 27, 2014, because he was laid off. [Tr. 189-90] However, he stated that the following conditions were severe enough, as of that date, to prevent him from working: "back injury; nerve problems; knee problems; very hard of hearing; [and] slow learner." [Tr. 189-90]

Ricky Collins, M.D., was Richardson's primary care provider. Richardson testified that Collins had treated him for 20 years, but the record only contains notes dating back to 2009. [*See* Tr. 561-633, 660-74, 677.] Collins prescribed Richardson medications for problems including back pain and hypertension. *See id.* An x-ray performed in March 2014 revealed moderate degenerative changes in the Claimant's cervical spine. [Tr. 537] Richardson underwent an MRI a few months later, which revealed moderate disc herniation at

C2-C3, a mild annular bulge at C3-C4, and small central herniation at C4-C5, C5-C6, and C6-C7. [Tr. 533] The report also noted that Richardson had severe degenerative joint disease at C6-C7. *Id.* A hip x-ray performed in March 2014 was normal, and a shoulder study revealed mild osteoarthritis. [Tr. 538, 539]

Richardson was involved in an ATV accident in June 2014 and underwent imagining to rule out fractures. [Tr. 693] A CT scan revealed a renal mass, which was determined to be cancerous. [Tr. 701, 426-33] Richardson's right kidney was subsequently removed, and he had no recurrence of cancer. [Tr. 530]

Collins submitted a medical source statement in March 2015. He reported that Richardson's ability to perform work-related activities was significantly impaired due to severe degenerative disc disease of the lumbar spine. [Tr. 541-43] Specifically, he opined that Richardson could not stand or sit for longer than five or ten minutes without interruption. [Tr. 541-42] He also reported that Richardson could never climb, balance, stoop, crouch, kneel, crawl, or be exposed to various environmental hazards. [Tr. 542] It is unclear whether Collins relied on diagnostic or other objective evidence, but a CT scan of the lumbar spine in June 2014 revealed that Richardson had "multilevel spondylosis of the lumbar spine." [Tr. 735]

State consultant Dustin Johnson, M.D., examined Richardson in July 2014. [Tr. 421] Richardson exhibited stooped posture and labored gait at that time, but he did not use an assistive device. [Tr. 422] He had no difficulty getting on or off of the examination table and answered all questions appropriately. *Id.* His strength was five-out-of-five throughout his upper and lower extremities and his sensation was normal. [Tr. 422-23] Richardson had "some difficulty" squatting in addition to heel-to-toe and tandem walking. [Tr. 423] His

ability to laterally flex his neck was limited to 30 degrees bilaterally and his lumbar flexion was limited to 70 degrees. *Id.*

Johnson concluded that Richardson had the ability to perform activities involving sitting, standing, moving about, handling objects, hearing, and speaking. Johnson further noted that Richardson had normal upper extremity strength, including normal manipulation and grip strength, but felt that he might have some difficulty performing activities involving lifting or carrying. [Tr. 423]

Robert Hoskins, M.D., examined Richardson at his attorney's request in August 2014. [Tr. 502] Hoskins observed that Richardson bore weight through his upper extremities while sitting and bore decreased weight through his left leg while standing. [Tr. 503] His posture was "somewhat stooped forward" and he ambulated slowly, but there were no "major deviations" from normal. [Tr. 503-04] His strength was within normal limits except for both hips and knees, which were four-out-of-five, with discomfort. [Tr. 504]

Hoskins also measured Richardson's range of motion. Cervical flexion was limited to 45 degrees and extension to 35 degrees. *Id.* Lateral flexion was 30 degrees on the left and 25 degrees on the right. *Id.* Richardson was able to bend forward at the waist to 40 degrees and extend his lumbar spine to ten degrees. [Tr. 505] Lateral bending was ten degrees to the left and 15 degrees to the right. *Id.* Straight leg raise and slump tests were negative. *Id.*

Hoskins opined that Richardson could not lift no more than 30 pounds and could not lift more than 20 pounds above waist level. Additionally, he reported that Richardson could not perform any "heavy" pushing, pulling, or carrying and could sit, stand, or walk for more than 90 minutes at a time. [Tr. 507] He also believed that Richardson could not perform activities requiring "sustained posturing of the cervical or lumbosacral spine at extremes." *Id.*

Hoskins further reported that Richardson could not perform prolonged or repetitive stooping, crouching, or overhead work. *Id.*

Agency consultant Paul Saranga, M.D., reviewed Richardson's file in April 2015. [Tr. 110] He concluded that, due to knee pain, decreased range of motion of the lumbar spine, degenerative disc disease of the cervical spine, and obesity, Richardson could perform only light work. [Tr. 109-11] Specifically, he reported that Richardson could occasionally lift or carry 20 pounds and could frequently lift or carry 10 pounds. [Tr. 108] Saranga stated that Richardson could stand and/or walk for six hours in an eight-hour workday and that his ability to push and/or pull was unlimited. *Id.* He also commented that Richardson could occasionally climb ladders, ropes, and scaffolds; stoop; kneel; crouch; and crawl, while he could frequently balance and climb ramps and stairs. [Tr. 109]

ALJ Isaacs determined that Richardson did not have an impairment or combination of impairments that met a listing under 20 C.F.R. § 404, Subpart P, Appendix 1. [Tr. 49] However, she concluded that Richardson had the following severe impairments: degenerative disc disease of the cervical spine; early coronary artery disease; and obesity. [Tr. 47] After considering the entire record, the ALJ found that Richardson had the residual functional capacity ("RFC") to perform a reduced range of medium work as defined in 20 C.F.R. § 404.1567(c). Specifically, the ALJ concluded that Richardson could:

> lift and carry no more than 25 pounds frequently and no more than 50 pounds occasionally. He can sit up to six hours in an eight-hour workday. He can stand up to six hours in an eight-hour workday. Mr. Richardson can climb ramps and stairs, as well as ladders, ropes, and scaffolds, but can no more than occasionally stoop, kneel, crouch, or crawl. He should avoid more than moderate exposure to noise. Mr. Richardson can no more than occasionally balance on uneven surfaces. He should avoid more than occasional exposure to vibration from machinery and hand tools. Mr. Richardson should avoid all exposure to unusual

workplace hazards such as large, dangerous machinery and unprotected heights. Mr. Richardson may be off-task up to 5% of the workday.

[Tr. 50] Based on this RFC and the testimony of a vocational expert ("VE"), the ALJ determined that there were jobs existing in significant numbers in the national economy that Richardson was capable of performing. [Tr. 55-56] Accordingly, she concluded that Richardson was not disabled under the Act.

### III. Standard of Review

A "disability" is defined under the Act as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007) (citing 42 U.S.C. § 423(d)(1)(A)). A claimant's Social Security disability determination is made by an ALJ in accordance with "a five-step 'sequential evaluation process.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc). If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

A claimant must first demonstrate that he is not engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 404.1520(b). Second, the claimant must show that he suffers from a severe impairment or a combination of impairments. 20 C.F.R. § 404.1520(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months and which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 404.1520(d). Fourth, if the claimant has a severe impairment but the Commissioner cannot make a determination of the disability based

on medical evaluations and current work activity, the Commissioner will review the claimant's residual functional activity ("RFC") and relevant past work to determine whether he can perform her past work. If he can, he is not disabled. 20 C.F.R. § 404.1520(f).

Under the fifth step of the analysis, if the claimant's impairments prevent him from doing past work, the Commissioner will consider his RFC, age, education, and past work experience to determine whether he can perform other work. If he cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(g). "The Commissioner has the burden of proof only on 'the fifth step, proving that there is work available in the economy that the claimant can perform.'" *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 785 (6th Cir. 2009) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

A court reviewing a denial of Social Security benefits must only determine whether the ALJ's findings were supported by substantial evidence and whether the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is such relevant evidence as reasonable minds might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). The Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

## IV. Discussion

Richardson contends that the ALJ did not properly evaluate his subjective complaints of pain. However, upon review of the ALJ's written opinion, it is clear that the ALJ applied the appropriate two-step inquiry for evaluating Richardson's subjective complaints of pain and psychological limitations. *See* 20 C.F.R. § 404.1529; SSR 16-3p. The ALJ first determined

that Richardson had medically determinable impairments that could reasonably be expected to cause the symptoms he alleged. *See* 20 C.F.R. § 404.1529(b); 2017 WL 5180304. [Tr. 53] She specifically concluded that Richardson had severe neck and cardiac impairments, as well as obesity. [Tr. 53] The ALJ found, however, that Richardson's statements concerning the intensity, persistence, and limiting effects of the symptoms were not entirely consistent with the medical evidence and other evidence in the record. *Id.*

ALJ Isaacs discussed the relevant objective medical evidence and why it did not support the limitations Richardson alleged. The ALJ acknowledged that an MRI and x-rays of the cervical spine demonstrated degenerative changes, but noted that there was no objective documentation of neurologic abnormality, nor were there clinical signs of nerve root impingement. [Tr. 53] To the extent that Richardson's statements regarding the limiting effects of his pain were not substantiated by objective medical evidence, the ALJ was required to consider other evidence in the record to determine whether his symptoms limited his ability to perform work-related activities. *See* 20 C.F.R. § 404.1529(c)(3).

The ALJ noted that although Richardson alleged "near helplessness," he actually stopped working because he was laid off. Further, there was no evidence to suggest that Richardson's physical condition had deteriorated since that time. [Tr. 53] Inconsistent with Richardson's claims of disabling pain, he was riding an ATV at the time he experienced an accident in 2014. *Id.* And while Richardson denied this point during the administrative hearing, Dr. Collins reported that Richardson was walking a mile per day in August 2015. [Tr. 53, 668] Finally, despite their longstanding treatment relationship, Collins had never seen it necessary to refer Richardson to an orthopedic surgeon or a neurosurgeon. [Tr. 53]

Based on the foregoing, the ALJ reasonably concluded that Richardson's allegations concerning pain were not entirely supported by the record.

Additionally, the ALJ's decision is supported by substantial evidence. Richardson's past work as a truck driver was classified as very heavy work. [Tr. 78] This means that Richardson was required to lift objects weighing more than 100 pounds, with frequent lifting or carrying of objects weighing 50 pounds or more. § 404.1567(e). He discontinued this work in January 2014 because he was laid off. [Tr. 189] Diagnostic imaging performed around this time revealed spinal degeneration but, as the ALJ pointed out, Richardson was able to perform his very heavy work as a coal truck driver in spite of this limitation.

Although Richardson complained of radiating neck and back pain, Drs. Johnson and Hoskins determined in the summer of 2014 that his upper extremity strength, sensation, and deep tendon reflexes were normal. [Tr. 422-23, 504] And again, despite Richardson's claim that he could no longer tolerate the coal truck's "bumpy ride," he was riding an ATV for leisure in June 2014. [Tr. 689] The ALJ relied heavily on the objective diagnostic and clinical findings, and reasonably declined to adopt Dr. Saranga's opinion that Richardson was limited to light work. As the ALJ stated, neither Saranga nor any other medical source explained why Richardson went from being able to lift objects weighing more than 100 pounds (perhaps with some difficulty) to lifting a maximum of 20 pounds. [Tr. 54]

Where, as here, the Commissioner's decision is supported by substantial evidence it should be affirmed. This is true regardless of whether the Court would decide the matter differently or even if substantial evidence might support another conclusion. *See Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).

Accordingly, it is hereby

**ORDERED** as follows:

1. Plaintiff Rickey Dean Richardson's motion for summary judgment [Record No. 10] is **DENIED**.

2. Defendant Nancy A. Berryhill's motion for summary judgment [Record No. 12] is **GRANTED**.

3. The administrative decision will be **AFFIRMED** by separate Judgment entered this date.

Dated: August 3, 2018.



Signed By:
*Danny C. Reeves*
United States District Judge